**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:12 CR 12-3**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **KYLIE BROOKE RUMFELT.** | ) | |
| | ) | |
| _____ | ) | |


**THIS CAUSE** came  on to be heard before the undersigned at the close of a

Rule 11 proceeding that was held before this Court on August 23, 2012.  It appearing

to the court at the call of this matter on for hearing the defendant was present with her

attorney, Fredilyn Sison and the government was present and represented through

Assistant United States Attorney John Pritchard.  From the arguments of counsel for

the defendant and the arguments of the Assistant United States Attorney and the

records in this cause, the court makes the following findings:

**Findings.**    On February 8, 2012 a bill of indictment was issued charging the

defendant with obstructing and delaying commerce by robbery, in violation of 18

U.S.C. § 1951(a); conspiracy to obstruct, delay and effect commerce by robbery, in

violation of 18 U.S.C. § 1951(a) and during and relation to a crime of violence

carrying and using a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(3)(iii).   On

August 23, 2012, the undersigned held and inquiry, pursuant to Rule 11 of the Federal

Rules of Criminal Procedure and accepted a plea of guilty to the charges contained in count two of the bill of indictment, that being the charge alleging that defendant entered into a conspiracy to unlawfully, obstruct, delay and effect commerce by robbery.  At the close of the Rule 11 proceeding, this Court presented the issue of whether or not defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.**    18 U.S.C. § 3143(a)(2) provides as follows:

(2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence  of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on August 23, 2012 to conspiracy to violate 18 U.S.C. § 1951(a).  That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(A).  The undersigned made an inquiry of Assistant United States Attorney John Pritchard as to whether or not there was going to be a recommendation from the government that no sentence of imprisonment be imposed upon the defendant.  Mr.

Pritchard advised the Court that such a recommendation could not be made in this matter. As a result of the plea of guilty of defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. It would thus appear, and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which compel the detention of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: August 23, 2012

Dennis L. Howell
United States Magistrate Judge